**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernardo HERNANDEZ–TORRES,**
**Defendant–Appellant.**

**No. 06–10569.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 6, 2007.

---

** The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Patrick J. Walsh, Esq., Robert L. Ellman, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and McKEOWN, Circuit Judges.

MEMORANDUM [*]

Bernardo Hernandez–Torres appeals from the denial of his motion to suppress evidence seized during a prolonged traffic stop and from his conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1] Because the facts of this case are familiar to the parties, we recite them here only to the extent necessary to explain our decision.

We reject Hernandez–Torres's argument that Trooper Moonin unlawfully prolonged the stop and broadened the scope of questioning by asking him whether he was carrying contraband. Even if we assume that the stop was not a consensual encounter after Trooper Moonin returned Hernandez–Torres's paperwork and told him he was free to leave, *see United States v. Chavez–Valenzuela*, 268 F.3d 719, 724–25 (9th Cir.2001), *amended by* 279 F.3d 1062 (9th Cir.2002), we conclude that reasonable suspicion supported the decision to prolong the stop and broaden the scope of questioning. Trooper Moonin testified, among other things, that (1) he smelled an overwhelming odor of air freshener emanating from the vehicle, the smell of which often is used to mask narcotics; (2) he observed food wrappers, an atlas, and a suitcase in the vehicle, which are consistent with a drug trafficker making a long trip without frequent stops; (3) there was a single key in the vehicle's ignition, which is common when an individual is given a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court's denial of a motion to suppress is reviewed de novo and its factual findings are reviewed for clear error. *United*

States v. Garcia, 205 F.3d 1182, 1186 (9th Cir.2000). The district court's determination of the voluntariness of consent to search is reviewed for clear error. *United States v. Todhunter*, 297 F.3d 886, 891 (9th Cir.2002).

car to use for only one purpose; (4) Hernandez–Torres appeared extremely nervous; (5) Hernandez–Torres stated that he purchased his 1991 Infiniti Q45 two months earlier for $1,000 (although he was not certain about the amount), which seemed to Trooper Moonin to be an unusually low price; and (6) Hernandez–Torres said that he did not know the last name of Carlos, the friend he purportedly was driving from San Diego to Salt Lake City to visit. Although many of the factors cited by Trooper Moonin are wholly consistent with innocence, we conclude that the unduly low price given for the vehicle and Hernandez–Torres's ignorance of his friend's last name, in context, gave rise to a reasonable suspicion of illegality. *See, e.g., United States v. Rojas–Millan*, 234 F.3d 464, 470 (9th Cir.2000).

We also reject Hernandez–Torres's argument that he did not knowingly and voluntarily consent to the search of his vehicle.[2] Trooper Moonin did not draw his gun or tell Hernandez–Torres that a search warrant could be obtained. Nor is there evidence that Trooper Moonin behaved in a coercive or intimidating manner. Although *Miranda* warnings were not given prior to Hernandez–Torres's verbal and written consent, none were required because Hernandez–Torres was not under arrest at the time. *United States v. Perez*, 37 F.3d 510, 515 (9th Cir.1994), *overruled on other grounds by United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007). We therefore agree with the district court's finding that, under the totality of circumstances, Hernandez–Tor-

res's consent was freely and voluntarily given.

**AFFIRMED.**

---

**2.** We consider the following factors in determining the voluntariness of a consent to search: "(1) whether defendant was in custody, (2) whether the arresting officers had their guns drawn, (3) whether *Miranda* warnings were given, (4) whether the defendant was notified that she had a right not to consent, and (5) whether the defendant had been told a search warrant could be obtained." *United States v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir.2004) (citations and quotation marks omitted).